# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**IN THE MATTER OF THE EXTRADITION** ) **Case No.**
**OF TANVIR HUSSAIN SIDDIQUE** ) **08-M-6184-01-DWB**
                                                  )

## CERTIFICATE OF EXTRADITABILITY
## AND ORDER OF COMMITMENT

On February 18, 2009, this matter came before the court pursuant to 18 U.S.C. § 3184, for a hearing at the request of the Government of the United Kingdom of Great Britain and Northern Ireland ("Great Britain") for the extradition of Tanvir Hussain Siddique ("Siddique"). Lanny Welch, Assistant United States Attorney, appeared on behalf of the Government of Great Britain; defendant Siddique appeared in person and by his appointed counsel, Steve Gradert, Assistant Federal Public Defender.

After hearing proffers and arguments of counsel and considering the documents admitted into evidence, the court hereby finds that Tanvir Hussain Siddique is subject to extradition under the Extradition Treaty between the United States and Great Britain. The court also makes the following findings of fact and conclusions of law.

## BACKGROUND OF THE CASE

### I. Complaint for Provisional Arrest.

On October 24, 2008, the United States Attorney's Office for the District of Kansas, acting on behalf of the Government of Great Britain, presented a Complaint for Provisional Arrest With A View Towards Extradition Pursuant to 18 U.S.C. § 3184 to United States Magistrate Judge Donald W. Bostwick. (Doc. 1.) The complaint requested that the court issue a warrant for the arrest of Siddique so he could be brought before the court for possible extradition, and was presented pursuant to Article 12 of the Extradition Treaty between the United States and the Great Britain, signed March 31, 2003 (the "Treaty"). The complaint alleged that Siddique had been charged with Indecent Assault on a Female Under 16 in violation of Section 14(1) of the Sexual Offenses Act 1956, and that Siddique had pled guilty to and was convicted of that offense, but failed to return to court for sentencing as ordered, and a bench warrant was thereafter issued for his arrest.

### II. Arrest and Initial Proceedings.

An arrest warrant was issued in the District of Kansas on October 24, 2008 (Doc. 2), and was executed by service on Siddique on October 30, 2008, and was returned for filing on November 4, 2008 (Doc. 6).

On October 31, 2008, Siddique appeared before this court for initial

proceedings, where he was advised of his rights, including his right to an identity hearing and a public extradition hearing, was advised of his right to have contact with the consular officials of his country, counsel was appointed and Siddique was ordered detained pending further proceedings.  (Doc. 4; Hearing Tr. Doc. 19).

Siddique appeared again before this court on November 10, 2008, for a status conference.  At that time Siddique, through his appointed counsel, was unable to enunciate any special conditions that would allow him to be released from custody pending further proceedings, and he was remanded to the custody of the U.S. Marshal pending the filing of the formal extradition request by the Government of Great Britain.  (Doc. 11; Hearing Tr. Doc. 20).  Another status conference was set by the court for December 8, 2008.

Siddique appeared again before this court on December 8, 2008, for a status conference.  At the hearing the Assistant U.S. Attorney advised the court that a formal extradition request would be forthcoming from the Government of Great Britain.  (Doc. 13; Hearing Tr. Doc. 15 & 21).[1]  The court stated that Siddique's next appearance would for a formal extradition hearing which the court would set after the filing of the formal extradition request.

---

[1] The transcript of the December 8, 2008 hearing was filed twice and therefore bears two document numbers.

## **III.    Formal Request for Extradition.**

On February 3, 2008, a Complaint was filed by the Assistant United States Attorney which included the formal request for extradition of Siddique by the Government of Great Britain.[2]  (Doc. 16).  Attached to the Complaint were two exhibits.

Exhibit A included the Declaration of Susan Torres, an Attorney-Adviser in the Office of the Legal Adviser for the Department of State in Washington, D.C., attaching a copy of diplomatic note 87/08, dated December 23, 2008, formally requesting the extradition of Tanvir Hussain Siddique.  Also attached to the Declaration was a copy of the Extradition Treaty Between the United States of America and the United Kingdom of Great Britain and Northern Ireland, and related Exchanges of Letters, signed on March 31, 2003, which entered into force on April 26, 2007 (Treaty Doc. 108-23).  The Declaration recited that the documents submitted by Great Britain had been certified on December 16, 2008,

---

[2]  While the Complaint was filed in this court on February 3, 2009, it is undisputed that the formal request for extradition by the Government of Great Britain was received by the United States on December 16, 2008, when the documents were certified by Derwood K. Staeben, Consul General of the United States of America in London.  Article 12, Section 4 of the Treaty specifically states that "receipt of the formal request for extradition and supporting documents by the Embassy of the Requested State [United States] in the Requesting State [Great Britain] shall constitute receipt by the executive authority of the Requested State."  Therefore, the formal request for extradition was made within 60 days of Siddique's provisional arrest on October 30, 2009.

by Derwood K. Staeben, Consul General of the United States in London, in accordance with 18 U.S.C. § 3190, and that Mr. Staeben, at the time of his certification was principal consular officer of the United States in the United Kingdom.

Exhibit B included an affidavit of Matthew Smith, a police Sergeant in the Metropolitan Police Service setting out the details of Siddique's January 12, 2001 conviction for violation of Section 14(1) of the Sexual Offenses Act 1956, involving the offense of indecent assault on a female under 16, his release on bail and the court's order that he appear for sentencing on March 2, 2001, his failure to appear for sentencing, and the facts supporting Siddique's conviction. Attached to the Affidavit were the following documents: (a) a copy of the certificate of conviction from Blackfriars Crown Court dated August 14, 2008; (b) a copy of Siddique's passport; (c) a copy of Siddique's fingerprints; and (d) a copy of Siddique's photograph.

Also included in Exhibit B was the Affidavit of Tina Whybrow, a Solicitor of the Supreme Court of England and Wales and a Crown Advocate employed by the Crown Prosecution Service of England and Wales. The Affidavit sets out the provision of Section 14 of the Sexual Offenses Act 1956, and the maximum penalty for the offense which is a term of imprisonment not exceeding 10 years.

After consulting with all counsel, the court entered an order on February 10, 2009, setting the identity hearing and extradition hearing for Wednesday, February 18, 2009, at 3:00 p.m. in Room 406 U.S. Courthouse, 401 North Market, Wichita, Kansas.  (Doc. 17.)   The order provided that at the hearing, the court would consider:

1. Whether Defendant is the same person as the Tanvir Hussain Siddique, the person named in the request for extradition by the United Kingdom;

2. Whether Defendant is charged with a crime for which there is a treaty or convention for extradition between the United States and the United Kingdom pursuant to 18 U.S.C. § 3184;

3. Whether the documents demanding Defendant's surrender, including any supporting affidavits, are properly and legally authenticated pursuant to 18 U.S.C. § 3190; and

4. Whether the commission of the crime alleged is established by probable cause such as would justify commitment for trial had the offense been committed in the United States.

## IV. **Extradition Hearing.**

At the hearing on February 18, 2009, (Doc. 18  ; Hearing Tr. Doc. 22), the court found that the Government of Great Britain had properly certified and authenticated all of the documents attached to the Complaint (Doc. 17), in accordance with 18 U.S.C. § 3190 and Article 9 of the Treaty.  Defense counsel did not object to the method of authentication of the exhibits, Doc. 22 at 3, and the

6

court admitted all of these documents into evidence in this proceeding. In light of Siddique's position concerning the issues before the court at the extradition hearing, no testimony was necessary and none was presented.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order to certify extradition, the court must determine whether the Government has established the following: (1) the court has jurisdiction over the person sought to be extradited and authority to conduct the proceedings; (2) the person before the court is the same person charged in the requesting country; (3) a valid extradition treaty between the countries is in full force and effect; (4) criminal charges are pending against the defendant in the requesting country and the crimes charged are extraditable under the treaty; and (5) there is probable cause to believe that the defendant committed the crimes for which he is charged.

**1.      Jurisdiction and Authority.**

At the hearing, Siddique did not dispute that this court has the authority to conduct these extradition proceedings under 18 U.S.C. § 3184, and that this court has jurisdiction over Siddique as to these extradition proceedings. The court finds that the documents submitted by the Government of Great Britain and which are attached to the Complaint (Doc. 17), comply with the provisions of Article 8, Section 2 of the Treaty. Furthermore, because Siddique has been convicted of the

offense for which extradition is sought, the court finds that the documents submitted by the Government of Great Britain also comply with the provisions of Article 8, Section 4(a) and 4(b) of the Treaty.

**2.     Identity of Defendant.**

The Government presented the affidavit of Matthew Smith, a police Sergeant in the Metropolitan Police Service which attached both fingerprints and a photograph of Siddique.  Siddique did not dispute that he was the same person who was being sought by the Government of Great Britain for extradition and that the photograph included in the government's exhibit was a photo of him.  (Doc. 22 at 4.)  The court finds that the defendant in this case, Tanvir Hussain Siddique is the same person as the Tanvir Hussain Siddique whose extradition has been sought by the Government of Great Britain.

**3.     Valid Extradition Treaty.**

In light of the declaration of Susan Torres, an Attorney-Adviser in the Office of the Legal Adviser for the Department of State in Washington, D.C., and the attached copy of the Extradition Treaty Between the United States of America and the United Kingdom of Great Britain and Northern Ireland, and related Exchanges of Letters, signed on March 31, 2003, which entered into force on April 26, 2007, Siddique did not dispute the fact that a valid extradition treaty is in full force and

effect between the United States and Great Britain. (Doc. 22 at 4.)

**4.     Crime Charged is Subject to Extradition Treaty.**

Article 2, Section 1 of the Treaty states that an offense shall be an extraditable offense if the conduct on which the offense is based is punishable under the laws in both countries by deprivation of liberty for a period of one year or more or by a more severe penalty.  This is known as the doctrine of dual criminality which allows extradition only where the offense charged is punishable as a serious crime in both the requesting and requested countries.  *Peters. v. Egnor,* 888 F.2d 713, 718 (10th Cir. 1989).

In light of the Declarations of Matthew Smith and Tina Whybrow, Siddique did not dispute that he is charged and convicted in Great Britain with the crime of indecent assault on a female under 16, which is punishable by a maximum term of imprisonment of ten years, and did not dispute that this is a crime included within Article 2 of the Treaty for which extradition is allowed.

The conduct on which the offense in Great Britain is based is also punishable in the United States under various criminal statutes including, *inter alia*, aggravated indecent liberties with a child (over 14 years of age but less than 16 years of age), K.S.A. 21-3504(a)(1-2).  Violation of the provisions of that statute as to children under age 16 is classified as either a severity level 3, person

9

felony, or a level 4, person felony. K.S.A. 21-3504(c). Under Kansas sentencing guidelines, either of these classifications carry presumptive sentences in excess of one year. *See* K.S.A. 21-4704.

Siddique did not dispute that the conduct underlying the offense in Great Britain was substantially the same as conduct punishable in the United States, and that the penalty for each such offense included incarceration of a period of a year or more. (Doc. 22 at 5-6.) Therefore, the dual criminality requirement of Article 2, Section 1 of the Treaty is met in this case.[3]

**5.  Probable cause.**

Under 18 U.S.C. § 3184, the court is to determine whether the evidence of criminality is sufficient to sustain the charge under the provisions of the proper treaty or convention. Article 8 of the Treaty sets out the procedure for extradition and requires in section 3(c) that Great Britain must present "such information as would provide a reasonable basis to believe that the person sought committed the offense for which extradition is requested." The role of the magistrate judge is "to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a

---

[3] *See* **United States v. Levy,** 905 F.2d 326, 328 (10th Cir. 1990), *cert. denied* 498 U.S. 1049 (1991) (the focus of dual criminality is on the criminality of the defendant's alleged conduct, not on how the crime is defined in the particular statutes).

conviction. ***Peters v. Egnor,*** 888 F.2d 713, 717 (10th Cir. 1989), *citing* ***Collins v. Loisel,*** 259 U.S. 309, 316 (1922).

The court finds that the evidence presented through the Declaration of Matthew Smith is sufficient to establish a reasonable basis to believe that Siddique committed the offense for which extradition is requested.

## CONCLUSION

Probable cause exists to believe that Siddique committed the offense of indecent assault on a female under 16 as charged by the Government of Great Britain. That offense is an extraditable offense under the extradition treaty between Great Britain and the United States. Therefore, the court certifies the findings set forth herein, and attaches to this certification transcripts of the hearings held on October 31, 2008, November 10, 2008, December 8, 2008 and February 18, 2009, together with a copy of all documents admitted into evidence pursuant to 18 U.S.C. § 3184. The court orders that Tanvir Hussain Siddique be committed to the custody of the United States Marshal for the District of Kansas,

without bond, pending final disposition of this matter by the Secretary of State.

IT IS SO ORDERED.

Dated this 24th day of February, 2009.

    s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE